OPINION

OF THE JUSTICES OF THE SUPREME JUDICIAL COURT
GIVEN UNDER THE PROVISIONS OF SECTION 3
OF ARTICLE VI OF THE CONSTITUTION

QUESTION

PROPOUNDED BY THE HOUSE OF REPRESENTATIVES
IN AN ORDER PASSED APRIL 28, 1953

ANSWERED APRIL 30, 1953
HOUSE OF REPRESENTATIVES ORDER PROPOUNDING
QUESTIONS

STATE OF MAINE

In House of Representatives

WHEREAS, there is now pending before the 96th Legislature H. P. 1283 a joint order under the provisions of which members of the House and Senate would be reimbursed for expense other than travel in attending the daily sessions of this Regular Session of the Legislature. The text of joint order being as follows:

"ORDERED, the Senate concurring, that the members of the Senate and House of Representatives be reimbursed for expense, other than travel, in attending the daily sessions of this Regular Session of the Legislature in the amount of $7.00 for each day in attendance, and

BE IT FURTHER ORDERED, that the State Controller be, and hereby is, directed to pay from current Legislative appropriations said reimbursement to members of the House and Senate, on account of ex-

pense, as aforesaid, upon the filing of sworn certificates of attendance."

WHEREAS, it is important that the Legislature be informed as to the Constitutional validity of said Order now pending;

WHEREAS, it appears to the House of the 96th Legislature that the following is an important question of law and the occasion a solemn one;

NOW, THEREFORE, BE IT

ORDERED, That the Justices of the Supreme Judicial Court are hereby requested to give to the House according to the provisions of the Constitution on this behalf, their opinion on the following question, to wit:

## QUESTION

Is it within the power of the Legislature to provide for the reimbursement of Senators and Representatives for expenses in attendance at daily sessions, other than travel, as provided in the pending joint order?

## ANSWER OF THE JUSTICES

*To the Honorable House of Representatives of the*
   *State of Maine:*

The undersigned Justices of the Supreme Judicial Court, in accordance with the provisions of the Constitution, respectfully answer herein the question propounded by the House of Representatives in an Order passed by the House April 28 A. D. 1953 relative to House Paper No. 1283, a joint Order under the provisions of which members of the House and Senate would be reimbursed for expense other than travel in attending the daily sessions of this Regular Session of the Legislature.

The proposed Order concerning which the foregoing question has been submitted to the Justices provides for reimbursement of members of the Senate and House of Representatives for expenses other than travel in attending the daily sessions of the current Legislature.

There is a well recognized distinction between legislative expenses and personal expenses of members of the Legislature. This distinction is clearly stated in the case of *Griffith* v. *Turner,* 117 Kan. 755, 233 Pac. 510, which distinction is approved in *Dixon* v. *Shaw,* 122 Okla. 211, 253 Pac. 500. In *Griffith* v. *Turner* the Court said:

> "The distinction between expenses that are legislative and those that are personal is that legislative expenses are those that are necessary to enable the legislature to properly perform its functions, while those that are personal are those that must be incurred by a member of the legislature in order to be present at the place of meeting—expenses for his personal comfort and convenience, which have nothing to do with the performance of his duty as a member of the legislature. Personal expenses are those incurred for rooms, meals, laundry, communications with their homes, and other things of like character."

It is obvious from the Order submitted to us and concerning which the question is asked that the nature of the expenses for which reimbursement is therein provided is personal rather than legislative as above defined. By the very terms of the Order it is confined to expense in attending the daily sessions of the Legislature. This clearly refers to the personal expenses of the legislators as distinguished from such expenditures as they might make in the performance of and as an aid to their legislative duties as such.

It is common knowledge that it has been the practice of the Legislature by order as distinguished from act, bill or

resolve to provide for payment of legislative expenses, as above defined, from current legislative appropriations. As said in *Dixon* v. *Shaw,* as reported in 50 ALR at Page 1237:

> "What are proper legislative expenses, in order to enable the body to function as not only a lawmaking, but an inquisitorial, body, and whatever amount in its judgment is necessary therefor, under the prevailing conditions of life, is a matter within the determination of the legislature, and over which the courts can and would exercise no control."

Such expenses can be provided for by legislative order. Not only are they not subject to review by the court, but they do not require the assent of the Executive branch of the Government, being purely a matter for determination by the Legislature with respect to its own functioning as a legislature. When, however, the Legislature attempts to authorize or direct the payment of money for other than legislative expense such appropriation or payment is one of public concern and one which can be effected only by an act or resolve of the Legislature passed as a law by both branches thereof and submitted to the Executive for his executive approval in accordance with the Constitution.

The nature of the expenses for which reimbursement is provided in the proposed Order being personal, they cannot be authorized or payment thereof directed by a joint legislative order.

The fact that we have based our answer upon the ground that the proposed action is sought by a joint order rather than by an act or resolve must not be taken as an intimation by us that had the proposed action been taken by a legislative act or resolve it would have been either permitted by or would be in conflict with the Constitution of this State.

Whether or not personal expenses of legislators as distinguished from legislative expense incurred by them is compensation within the meaning of that word as used in constitutions (See Constitution of Maine, Art. IV, Part Third, Sec. 7) is a question upon which the courts are in irreconcilable conflict. This conflict is greatly increased by the fact that the constitutions of the several states, the courts of which have passed upon the question, are phrased in different language and have been adopted with different historical backgrounds.

Whether or not a bill or act would violate the provisions of our Constitution, even if it were possible in some manner to provide for reimbursement for the personal expenses of legislators, either current or prospective, a question upon which we neither express nor intimate an opinion, would depend upon the exact wording of such bill or act. No such bill or act is before us. For these reasons we deem it to be improper at this time to express an opinion as to whether or not under some or what conditions, if any, the constitutionality of an act for that purpose might be sustained. The question is not now before us, and could only be intelligently answered by the consideration of a specific act or resolve.

Dated at Portland, Maine, this thirtieth day of April, 1953.

Respectfully submitted,

EDWARD F. MERRILL
SIDNEY ST. F. THAXTER
RAYMOND FELLOWS
WILLIAM B. NULTY
ROBERT B. WILLIAMSON
FRANK A. TIRRELL, JR.