OPINION

OF THE JUSTICES OF THE SUPREME JUDICIAL COURT
GIVEN UNDER THE PROVISIONS OF SECTION 3
OF ARTICLE VI OF THE CONSTITUTION

QUESTION
PROPOUNDED BY THE
HOUSE OF REPRESENTATIVES
IN AN ORDER PASSED JANUARY 16, 1957
ANSWERED JANUARY 22, 1957

HOUSE OF REPRESENTATIVES ORDER

PROPOUNDING QUESTION

STATE OF MAINE

In House of Representatives

ORDERED,

WHEREAS, there is now pending before the 98th Legislature H. P. 42, a joint order under the provisions of which Members of the House and Senate would be paid 8c per mile for travel at each legislative session, once each week, the same being an increase of 3c per mile over the authorized statutory sum of 5c per mile. The Text of the joint order being as follows:

> "ORDERED, the Senate concurring, that each Member of the Senate and House of Representatives of the 98th Legislature shall be paid for travel at each legislative session once each week at the rate of 8c per mile to and from his place of abode; the mileage to be determined by the most reasonable direct route; and be it further ORDERED, That the provisions of this Order shall be retroactive to the first Wednesday of January, 1957."

WHEREAS, Article IV, Part Third, Section 7, Maine Constitution, provides that

"The senators and representatives shall receive such compensation, as shall be established by law; but no law increasing their compensation shall take effect during the existence of the legislature, which enacted it. The expenses of the members of the house of representatives in traveling to the legislature, and returning therefrom, once in each week of each session and no more, shall be paid by the state out of the public treasury to every member, who shall seasonably attend, in the judgment of the house, and does not depart therefrom without leave."

WHEREAS, Chapter 10, Section 2, Revised Statutes of 1954, provides that

"Each member of the Senate and House of Representatives shall receive $1,250 for the regular session of the Legislature, and shall be paid for travel at each legislative session once each week at the rate of 5c per mile to and from his place of abode; the mileage to be determined by the most reasonable direct route. He is entitled to mileage on the 1st day of the session, and $100 of his salary on the 1st day of each month thereafter, during the session, and the balance at the end thereof; but $2 shall be deducted from the pay of every member for each day that he is absent from his duties, without being excused by the House to which he belongs."

WHEREAS, it is important that the Legislature be informed as to the Constitutional validity of said Order now pending;

WHEREAS, it appears to the House of the 98th Legislature that the following is an important question of law and the occasion a solemn one;

NOW, THEREFORE, BE IT

ORDERED, That the Justices of the Supreme Judicial Court are hereby requested to give to the House according

to the provisions of the Constitution on this behalf, their opinion on the following question to wit:

## QUESTION

Is it within the power of the Legislature to provide for an increase in the amount of money to be paid the Senators and Representatives for travel in attending the legislative session, as provided in the pending joint order?

## ANSWER OF THE JUSTICES

To the Honorable House of Representatives
of the State of Maine:

The undersigned Justices of the Supreme Judicial Court, in accordance with the provisions of the Constitution, respectfully answer herein the question propounded by the House of Representatives in an Order passed by the House January 16, 1957 relative to House Paper No. 42, a proposed joint Order under the provisions of which members of the House and Senate would be paid for travel at each legislative session once each week at the rate of 8c per mile to and from his place of abode, retroactive to the commencement of the present session of the Legislature. The present rate of 5c per mile was established by statute in 1949. Laws of 1949, Chap. 406.

Mileage of legislators for travel to the Legislature is personal expense as distinguished from legislative expense. It is not expense "necessary to enable the legislature to properly perform its functions" but expense "that must be incurred by a member of the legislature in order to be present at the place of meeting." The appropriation or payment of money for such a purpose is a matter "of public concern and one which can be effected only by an act or resolve of the Legislature passed as a law by both branches thereof and submitted to the Executive for his executive approval in ac-

cordance with the Constitution." Opinion of the Justices, 148 Me. 528, 530, 531.

Our views are strengthened by the course of our legislative history. From at least 1823 (Laws of 1823, Chap. 216) the travel expense of members of the Legislature has been fixed in amount by statute. As was said by the Justices in 1953, on page 530: "It is common knowledge that it has been the practice of the Legislature by order as distinguished from act, bill or resolve to provide for payment of legislative expenses, as above defined, from current legislative appropriations."

To say now that travel expense is a legislative expense as distinguished from a personal expense of the legislator would put aside the practice, and we may say the conviction, of the Legislatures of the past. A Legislature by order, as here, if such a view prevailed, could destroy completely the mandate of the statute.

On the reasoning of the 1953 opinion, we reach a like result. We quote with approval therefrom on page 531:

"The nature of the expenses for which reimbursement is provided in the proposed Order being personal, they cannot be authorized or payment thereof directed by a joint legislative order."

In our opinion the travel expense sought in the Order is not compensation within the meaning of the Constitution. Provision therefor may properly be made by Act or Resolve. Constitution, Art. IV, Part Third, Section 7.

Dated at Augusta, Maine, this 22nd day of January, 1957.

Respectfully submitted:

ROBERT B. WILLIAMSON
DONALD W. WEBBER
ALBERT BELIVEAU
WALTER M. TAPLEY, JR.
FRANCIS W. SULLIVAN
F. HAROLD DUBORD