# OPINION OF THE JUSTICES
## OF THE SUPREME JUDICIAL COURT
### GIVEN UNDER THE PROVISIONS OF SECTION 3
### OF ARTICLE VI OF THE CONSTITUTION
\* \* \* \* \* \*

## QUESTIONS PROPOUNDED BY THE SENATE
## IN AN ORDER DATED FEBRUARY 14, 1963
## ANSWERED FEBRUARY 27, 1963

---

### SENATE ORDER PROPOUNDING QUESTIONS

#### SENATE ORDER

WHEREAS, it appears to the Senate of the 101st Legislature that the following is an important question of law and the occasion a solemn one; and

WHEREAS, there is pending before the Senate of the 101st Legislature a bill entitled "An Act Providing Expense Reimbursement for Members of the Legislature." (S. P. 159) (L. D. 435) As Amended by Senate Amendment "A"; and

WHEREAS, Article IV, Part Third, Section 7, Maine Constitution, provides that

> "The Senators and Representatives shall receive such compensation, as shall be established by law; but no law increasing their compensation shall take effect during the existence of the legislature which enacted it. The expenses of the members of the House of Representatives in traveling to the legislature, and returning therefrom, once in each week of each session and no more, shall be paid by the State out of the public treasury to every member, who shall seasonably attend, in the judgment of the House, and does not depart therefrom without leave."

WHEREAS, it is important that the Legislature be informed as to the constitutionality of the proposed bill; be it therefore

ORDERED, that in accordance with the provisions of the Constitution of the State, the Justices of the Supreme Judicial Court are hereby respectfully requested to give the Senate their opinion on the following questions:

(1)  Is it within the power of the Legislature to provide for the reimbursement of Senators and Representatives for expenses, other than travel, in attendance at daily sessions?

(2)  If the answer to the first question is in the affirmative, would the bill, "An Act Providing Expense Reimbursement for Members of the Legislature." (S. P. 159) (L. D. 435), As Amended by Senate Amendment "A", if enacted by the Legislature, be constitutional?

In Senate Chamber          A true copy
    Feb 14 1963            Attest:

READ AND PASSED           CHESTER T. WINSLOW

CHESTER T. WINSLOW             Senate Secretary
          Secretary

(EMERGENCY)

ONE  HUNDRED  AND  FIRST  LEGISLATURE

**Legislative Document**                                **No. 435**

S. P. 159                        In Senate, January 17, 1963

Referred to Committee on State Government. Sent down for concurrence and ordered printed.

CHESTER T. WINSLOW, Secretary

Presented by Senator Hinds of Cumberland.

## STATE OF MAINE

## IN THE YEAR OF OUR LORD NINETEEN HUNDRED SIXTY-THREE

### AN ACT Providing Expense Reimbursement for Members of the Legislature.

**Emergency preamble.** Whereas, acts of the Legislature do not become effective until 90 days after adjournment unless enacted as emergencies; and

Whereas, Legislators suffer great financial sacrifices while attending the Legislature; and

Whereas, the Legislators should be reimbursed at least in part for their expenses in such attendance; and

Whereas, in the judgment of the Legislature, these facts create an emergency within the meaning of the Constitution of Maine, and require the following legislation as immediately necessary for the preservation of the public peace, health and safety; now, therefore,

Be it enacted by the People of the State of Maine, as follows:

**Sec. 1. R. S., c. 10, § 2, amended.** The first paragraph of section 2 of chapter 10 of the Revised Statutes, as amended, is further amended by adding a new sentence at the end to read as follows:

'Each member of the Senate and House of Representatives shall be reimbursed for expense, other than travel, in attending the daily sessions of the Legislature in the amount of $10 for each day in attendance.'

**Sec. 2. Effective date.** This act shall be retroactive to January 2, 1963.

**Sec. 3.    Appropriation.**    There shall be appropriated to the Legislative Appropriation from the General Fund the sum of $150,000 to carry out the purposes of this act.

**Emergency clause.**    In view of the emergency cited in the preamble, this act shall take effect when approved.

A True Copy Attest:

CHESTER T. WINSLOW
Senate Secretary

STATE OF MAINE

SENATE

101st LEGISLATURE

SENATE AMENDMENT "A" to S. P. 159, L. D. 435, Bill, "An Act Providing Expense Reimbursement for Members of the Legislature."

Amend said Bill in section 1 by striking out all of the 6th and 7th lines and inserting in place thereof the following: **'sessions of the Legislature in an amount not to exceed $10 for each day in attendance. Payment shall be made monthly upon vouchers approved by the majority leader of the respective body.'** "

Further amend said Bill by striking out all of section 3 and inserting in place thereof the following:

**'Sec. 3. Appropriation.** There shall be appropriated from the Legislative Appropriation the sums necessary to carry out the purposes of this act.'

IN SENATE CHAMBER
READ AND ADOPTED
Sent down for concurrence
Feb 12 1963

CHESTER T. WINSLOW
Secretary

Filed by Senator HINDS of CUMBERLAND.

Reproduced and distributed pursuant to Senate Rule #11A.

(Filing #S-7)

2-12-63

A true copy attest CHESTER T. WINSLOW
Senate Secretary

## ANSWERS OF THE JUSTICES

*To the Honorable Senate of the State of Maine:*

In compliance with the provisions of Section 3 of Article VI of the Constitution of Maine, we, the undersigned Justices of the Supreme Judicial Court, have the honor to submit the following answers to the questions propounded on February 14, 1963.

QUESTION (1): Is it within the power of the Legislature to provide for the reimbursement of Senators and Representatives for expenses, other than travel, in attendance at daily sessions?

ANSWER: We answer in the affirmative.

QUESTION (2): If the answer to the first question is in the affirmative, would the bill, "An Act Providing Expense Reimbursement for Members of the Legislature" (S. P. 159) (L. D. 435), As amended by Senate Amendment "A", if enacted by the Legislature, be constitutional?

ANSWER: We answer in the negative.

L. D. 435 as amended by Senate Amendment "A" provides that "Each member of the Senate and House of Representatives shall be reimbursed for expense, other than travel, in attending the daily sessions of the Legislature in an amount not to exceed $10 for each day in attendance. Payment shall be made monthly upon vouchers approved by the majority leader of the respective body." The Act carries an Emergency Clause and is made retroactive to January 2, 1963.

The decisive point in our consideration is whether or not reimbursement for *expense, other than travel,* is compensation within the meaning of our Constitution.

If compensation, an Act providing therefor would clearly fall within the prohibition of the Constitution, which reads:

> "The senators and representatives shall receive such compensation, as shall be established by law; but no law increasing their compensation shall take effect during the existence of the legislature, which enacted it. The expenses of the members of the house of representatives in traveling to the legislature, and returning therefrom, once in each week of each session and no more, shall be paid by the state out of the public treasury to every member, who shall seasonably attend, in the judgment of the house, and does not depart therefrom without leave." Article IV, Part Third, Section 7.

In an Opinion of the Justices of the Supreme Judicial Court in 1953 (148 Me. 528), the Justices said that the Legislature could not constitutionally by Order provide for reimbursement of expense, other than travel, in attending the daily sessions of the Legislature in the amount of $7 for each day in attendance. The Justices pointed out that the expenses, being personal in nature, could not be authorized or payment thereof directed by joint legislative Order.

In an Opinion of the Justices in 1957 (152 Me. 302), the Justices were of the view that travel expense is a personal expense which may be provided only by an Act or Resolve passed as a law and not by a legislative Order. The Justices pointed out that the travel expense sought in the Order, that is to say, mileage at an increased rate retroactive to the commencement of the session, was not compensation within the meaning of the Constitution. Provision therefor may properly be made by Act or Resolve.

In our opinion expenses other than travel, for which reimbursement is here proposed, are living or subsistence expenses and come within the meaning of compensation

under the Constitution. *Jones* v. *Hoss,* 285 P. 205 (Ore. 1930) ; *State* v. *Turner,* 233 P. 510 (Kan. 1925) ; *Dixon* v. *Shaw,* 253 P. 500 (Okla. 1927) ; *State* v. *Clausen,* 253 P. 805 (Wash. 1927) ; *Ashton* v. *Ferguson,* 261 S. W. 624 (Ark. 1925) ; *Hall* v. *Blan,* 148 So. 601 (Ala. 1933) ; *Peay* v. *Nolan,* 7 S. W. (2nd) 815 (Tenn. 1928) ; *Ferris* v. *Aten,* 28 N. W. (2nd) 899 (Mich. 1947) ; *State* v. *Tracy,* 190 N. E. 463 (Ohio 1934) ; *Opinion of the Justices,* 64 A. (2nd) 204 (N. H. 1949), and to the same conclusion the courts of last resort in Colorado, Florida, Idaho, Iowa, Illinois, and South Carolina. Expenses of this type are distinguishable factually and constitutionally from travel expenses.

It is implicit in our Constitution that the amount paid to members of the House and Senate for the regular sessions and for attendance at extra sessions is intended to cover all personal expenses except expense of travel.

We are strengthened in this view by the practice since Maine became a State. The constitutional provision in question has remained unchanged since 1820, except that travel expense since the 1947 amendment is paid weekly and not once in each session. From at least 1823 Senators and Representatives have received a sum for attendance plus mileage. Expense of travel from home to the Legislature has always been set apart from compensation.

We are aware of the ever increasing burden of time and expense falling on members of the Legislature over the years. The question for us is not whether the proposed expense may be needed or justified, but solely whether the Legislature may constitutionally provide therefor by the Act before us.

Since we have determined that reimbursement for expense, other than travel, is compensation, the mandate of the Constitution becomes applicable. "No law increasing their compensation shall take effect during the existence of the Legislature which enacted it."

In view of the fact that our answer to the second question is in the negative for the reasons above set forth, we deem it unnecessary to determine here whether or not the proposed statute could lawfully be enacted as emergency legislation within the limitations imposed by the Constitution. Article IV, Part Third, Sec. 16.

Dated at Augusta, Maine, this twenty-seventh day of February, 1963.

Respectfully submitted:

ROBERT B. WILLIAMSON

DONALD W. WEBBER

WALTER M. TAPLEY, JR.

FRANCIS W. SULLIVAN

CECIL J. SIDDALL

HAROLD C. MARDEN