163 So.2d 629

### COUNTY BOARD OF EDUCATION OF RUSSELL COUNTY et al.

v.

### TAXPAYERS AND CITIZENS OF RUSSELL COUNTY.

4 Div. 191.

Supreme Court of Alabama.

April 30, 1964.

**474**

M. Camper O'Neal, Dumas, O'Neal & Hayes, Birmingham, and Roy L. Smith, Phenix City, for appellant.

Geo. Dent Williams, Sol., Phenix City, for appellees.

HARWOOD, Justice.

This is an appeal from a decree of the Circuit Court of Russell County denying validation of certain tax anticipation warrants proposed to be issued by the County Board of Education of Russell County. The proceedings were brought under the provisions of Section 359(8) to 359(15), Title 37, Code of Alabama 1940, pocket part.

Amendment CXXIV to our constitution, which was proclaimed ratified on 27 December 1957, gives to Russell County the power, upon approval by a majority of the electors of the county, to levy a special county wide property tax of 8 mills to be used for school purposes. On 11 March 1958, a majority of the qualified electors of Russell County voted in favor of the levying and collection "for public school purposes," a special county wide property tax at the rate of 8 mills on each dollars worth of taxable property in the county as authorized under the provisions of Amendment CXXIV.

Thereafter in 1959, the County Board of Education authorized the issuance of certain "tax anticipation bonds." These bonds are payable solely from the revenue derived from the special tax levied pursuant to the provisions of Amendment CXXIV, and

were issued for the purpose of constructing, enlarging, and improving school buildings, as authorized under Amendment CXXIV, and the applicable provisions of Article 4 of Chapter 10 of Title 52, Code of Alabama 1940. These bonds mature on 1 February in each year to and including 1 February 1982, but are subject to redemption at the option of the County Board on any interest payment date on and after 1 February 1964.

These bonds were issued in two series, Series A and Series B. Series A were sold at the average net interest cost to the County Board of Education of 4.54178 per cent, and the Series B bonds at an annual net interest cost of 4.73683 per cent. The outstanding 1959 bonds maturing in 1965 and thereafter aggregate $579,000 in principle amount.

The County Board of Education now finds that due to improved market conditions of municipal securities, it can refund its outstanding 1959 bonds with proposed tax anticipation warrants bearing an interest rate of 3½ per cent.

Evidence was presented tending to show that the proposed refunding of the 1959 bonds will save the taxpayers of Russell County from $42,000 to $46,000 in interest costs.

In addition the County Board of Education is in need of $130,000 for capital improvements. If this sum is borrowed by pledging the 8 mill tax found subject to the prior lien on this fund of the outstanding 1959 bonds, the County Board will be required, on the current market, to pay an interest rate of from 3.75 per cent to 4 per cent.

By refunding the outstanding 1959 obligations and borrowing the $130,000 additional with the 8 mill tax fund as security for the entire amount, the County Board of Education will be required to pay only 3½ per cent.

Under the provisions of Amendment CXXIV, the tax collector of Russell County collects the 8 mill tax as other state taxes are collected, and he must keep the proceeds of this 8 mill tax separate from all other county funds. He distributes the proceeds of the 8 mill tax fund in such manner as to turn over to the custodian of the county school funds the revenue derived from the taxes levied on all property situated outside of the corporate limits of Phenix City, and on the taxes collected within the corporate limits of Phenix City he must distribute to the custodian of the school funds of the Phenix School system. Both the county and the city school systems can use such taxes only for educational purposes within their respective jurisdictions.

The provisions of Amendment CXXIV pertinent to this review further set forth that the respective Boards of Education may:

"* * * [A]t such times as to them seem necessary and proper, sell and issue their tax anticipation bonds for the purpose for which the tax was authorized, which bonds shall be in such amounts as the respective board of education shall designate and, except as otherwise provided herein, shall be subject to the provisions of the general laws now pertaining to the issuance by county and city boards of education of capital outlay warrants, and no further election shall be required for the issuance of such bonds. The revenue derived from the sale of these bonds shall be expended by the county board of education and the Phenix City board of education for public school purposes only. Any bonds issued under the authority of this amendment shall be payable solely out of the proceeds of the special property tax hereby authorized, all or any part of which may be pledged therefor. The bonds issued under the authority of this amendment shall constitute negotiable instruments, although payable from a limited source, and shall be eligible for the investment of trust funds. The

bonds shall not constitute general obligations of the county and shall be in addition to all other bonds or warrants which the county or city boards of education have heretofore issued or are authorized to issue under the Constitution and laws of Alabama."

In denying the validation of the proposed tax anticipation warrants, the lower court concluded that Amendment CXXIV contemplates that "bonds" constitute the only form of security which may be made possible from the special 8 mill tax fund, and that the proposed tax anticipation warrants are not bonds within the meaning and intent of Amendment CXXIV, and that the grant of authority to be found in Amendment CXXIV precludes the legislature from authorizing warrants or other forms of security or methods of anticipating and pledging the special 8 mill tax.

The court further found that at the time of the ratification of Amendment CXXIV, the provisions of law pertaining to the issuance by county and city Boards of Education was set forth in Article 4, Chapter 10 of Title 52, Code of Alabama 1940, and more particularly in Sections 216 to 235, inclusive, and that none of these provisions authorized the issuance of the warrants now proposed to be issued.

In this connection, we note that Section 225, provides for the exchange and delivery of refunding *warrants for a like amount of warrants* being refunded, and we assume that it is the terms of these provisions that persuaded the court in its conclusions.

The court further found that Act No. 57, passed by the legislature and approved 12 August 1959 (1959 Acts of Alabama, Vol. 1, p. 224) could not apply since this Act was not in existence at the time Amendment CXXIV was proclaimed, nor, of course, was Act No. 148 of the Special Session of 1963 which amended Act. No. 57, supra.

Section 3 of Act No. 57, supra, authorized county and city Boards of Education to sell and issue refunding warrants for the purpose of refunding a like, or greater, principal amount of warrants then outstanding which were issued under the provisions of Act No. 57, or any other Act or statute authorizing the issuance of warrants by boards of education. This provision is not altered in the amending Act No. 148, supra.

The court further found that Act No. 57, supra, does not authorize the issuance of the proposed refunding warrants because: "(1) only warrants and not bonds can be refunded under Section 3 of said Act" (Act No. 57, supra) "and (2) the bonds to be refunded were issued under Amendment CXXIV and not under Act No. 57 or other act or statute of the Legislature."

While Amendment CXXIV refers to the obligations or anticipating securities to be issued thereunder as "bonds" the instruments thereby authorized to be issued partake of the nature of anticipation "warrants" rather than "bonds."

A legal document obtains its true character from its inherent qualities, rather than from a name or designation attached thereto.

■ A "warrant" is ordinarily the command of one duly authorized officer to another, whose duty it is to obey, to pay from public funds a specified sum to a designated person whose claim therefor has been allowed by the proper authorizing official or body. It has not the attributes of commercial paper and is not negotiable, being subject to the defenses it would be subject to in the hands of the original payee.

■ A "bond" is an obligation in writing to pay a sum of money. It imports a promise to pay a sum of money at a future date specified and commonly bears no specific designation of the party in whose favor it runs. They are treated as commercial paper and as such are negotiable. See Littlejohn v. Littlejohn, County Treasurer, 195 Ala. 614, 71 So. 448.

■ The chief distinction between "warrants" and "bonds" is that warrants are payable in order of presentation when funds are available, while bonds are general obligations payable at a definite time, running through a series of years and are payable independently of any presentation. Adams v. McGill, (Texas Civ.App.), 146 S.W.2d 332; Arkansas County Road Improvement District No. 5 v. Taylor, 185 Ark. 293, 47 S.W.2d 27; State ex rel. Wehe v. Pasco Reclamation Co., 90 Wash. 606, 156 P. 834.

■ The anticipation obligations provided for under Amendment CXXIV are payable solely out of the proceeds of the special 8 mill property tax. It is specifically provided that they shall not constitute general obligations of the county. While Amendment CXXIV provides that these obligations shall constitute negotiable instruments, which of course is a feature of a bond, we are of the conclusion that being payable from a limited fund, the chief distinguishing feature of a warrant, and no election being necessary for their issuance, the anticipation obligations called for under Amendment CXXIV must be considered as warrants rather than bonds.

■ As above stated, Section 3 of Act 57, supra, as amended by Act No. 148, supra, would authorize the refunding warrants as now proposed by the County Board of Education. However, it was the view of the court below that since Act No. 57, supra, was enacted subsequent to Amendment CXXIV, the Act could have no application to the proposed refunding plan because of the provision in Amendment CXXIV that the sale of the bonds—"[E]xcept as otherwise provided herein, shall be subject to the provisions of the general laws now pertaining to the issuance by county and city boards of education of capital outlay warrants."

It is true that the word "now" as used in a statute or constitutional provision ordinarily refers to the date of its taking effect. However, the word is sometimes used, not with reference to the moment of speaking but to a time contemporaneous with something done, and may mean at the time spoken of or referred to as well as at a later time. In other words, "now" may have an ambulatory meaning in the sense that it denotes the moment when, from time to time, the statute or constitutional provision is to be applied. Larson v. American Title & Ins. Co. (Fla.), 52 So.2d 816; State ex rel. Frederick v. Zimmerman, 254 Wis. 600, 37 N.W.2d 473; State ex rel. Brewster v. Mayor and Com'rs. of City of St. Lawrence, 101 Kan. 225, 165 P. 826; Arkansas Utilities Co. v. City of Paragould, 200 Ark. 1051, 143 S.W.2d 11.

As stated in Rinehart v. Reliance Ins. Co., Inc., 273 Ala. 535, 142 So.2d 254:

> "The primary purpose of statutory construction is to ascertain not only from the language which the legislature has used, but also from the reason and necessity for the act, the evil sought to be remedied, and the object and purpose sought to be obtained."

The above principle is, of course, equally applicable to the interpretation of constitutional provisions.

The purpose of Amendment CXXIV was to provide a method by which the city and county Boards of Education of Phenix City and of Russell County could issue anticipation obligations upon the pledge of the proceeds of a specific fund to be provided for upon the approval by the electorate of Russell County, the money so acquired to be used for school purposes only.

The Amendment authorizes the said Boards, upon the approval of a levy of an 8 mill property tax by the electors of Russell County, to sell and issue the tax anticipation "bonds" at such times as to them seem necessary and proper, in such amounts as the respective Boards of Education shall designate. Thus an almost unlimited power is conferred upon the Boards of Education in the determination of the time of issuance and the amount of the obligations to be issued.

478

We do not think that under the broad powers thus conferred it was intended to limit the Boards of Education in exercising these powers in such manner as appeared to them to be most efficacious, nor was it intended that the Boards should be confined to the statutory provisions for the marketing of such obligations in existence at the time of the adoption of the Amendment when thereafter the legislature has provided a more efficacious and efficient method for the Boards to handle their financial matters.

In reviewing a proposed refunding operation which will provide for a savings in interest costs, the court should look to the substance of the financial operation rather than to its mere form. Taxpayers and Citizens of Shelby County v. Shelby County, 246 Ala. 192, 20 So.2d 36.

As stated in 11 Am.Jur., Constitutional Law, Section 51:

"A Constitution usually announces certain basic principles to serve as the perpetual foundation of the state. It is not intended to be a limitation on its healthful development nor an obstruction to its progress. Accordingly, the courts are not inclined to adopt such a technical or strained construction as will unduly impair the efficiency of the legislature to meet responsibilities occasioned by changing conditions of society. It is proper to assume that a Constitution is intended to meet and be applied to new conditions and circumstances as they may arise in the course of the progress of the community."

By Act No. 57, supra, and Act No. 148, supra, amendatory thereof, the legislature has seen fit to provide a more efficient means of issuing, selling, and refunding school anticipation obligations.

There are no limits to the legislative power of state governments save those written into its constitution. All that the legislature is not forbidden to do by the organic law, state or federal, it has full power to do. The power of the legislature except as limited by constitutional provisions is as plenary as that of the British Parliament. Finklea v. Farish, 160 Ala. 230, 49 So. 366; State ex rel. Wilkinson v. Murphy, 237 Ala. 332, 186 So. 487, 121 A.L.R. 283.

It is our conclusion that the lower court erred in denying the petition for the validation of the warrants proposed to be issued by the Russell County Board of Education.

It is therefore ordered, adjudged, and decreed that the judgment be reversed and it is hereby remanded to the Circuit Court with direction to render a decree validating and confirming the issuance of the proposed obligations.

Reversed and remanded with direction.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.