*1383 Members of the House of Representatives
Alabama State House
Montgomery, Alabama
Dear Representatives:
We acknowledge receipt of House Resolution 238, requesting an advisory opinion as to whether § 3 of House Bill 728 (“H. 728”) violates Amendment No. 513 to the Alabama Constitution of 1901, which amends § 98 of the Alabama Constitution. H. 728 reads:
“A BILL
“TO BE ENTITLED
“AN ACT
“To create the offices of Honorary Member of the House of Representatives, Honorary Senator,' and Honorary Lieutenant Governor of the State of Alabama and provide for the requirements for holding the offices.
“BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
“Section 1. Any former member of the state Senate or House of Representatives who has served six years in the state Legislature and has attained the age of 60, may elect to hold the office of Honorary Senator if the legislative service was totally in the state Senate or Honorary Representative if the legislative service was totally in the state House of Representatives. If the legislative service was attained in both the Senate and House of Representatives, the former representative or senator may elect to become either an Honorary Senator or an Honorary Representative.
“Section 2. Any former Lieutenant Governor of the state who has served six years as Lieutenant Governor or has six years of combined service as Lieutenant Governor and a member of either the state Senate or House of Representatives, and has attained the age of 60, may elect to hold the office of Honorary Lieutenant Governor, Honorary Senator, or Honorary Representative.
“Section 3. Once a former Lieutenant Governor or a former member of the state Legislature elects to become an Honorary Senator, Honorary Representative, or Honorary Lieutenant Governor, the former member or Lieutenant Governor may be called upon by the respective presiding officers to serve on select committees which may be commissioned by resolution of either house of the Legislature, or by *1384 both in a joint resolution. The former member or former Lieutenant Governor so electing shall also serve on committees or commissions which may be established by the Governor or by the Chief Justice of the Alabama Supreme Court to study and provide recommendations on matters dealing with the executive and judicial branches of government. A former member of the Legislature may also be commissioned by the presiding officer of either House to sit and report on actions of the Legislature to the people of any district found to be without representation, to hear and report the ideas and concerns of the people of the district to the presiding officer and the membership of the house of the Legislature in which he or she is directed to sit, and to generally provide for the residents of the district. The Legislature shall, from time to time, fix expenses payable to the honorary officers and contributions which might be required of members and former members under the same provisions of Amendment No. 57 to the Constitution of Alabama of 1901, which permit the Legislature to fix legislative expense allowances.
“Section 4. Notwithstanding the provisions of any other law, former members of the Legislature and former Lieutenant Governors may be commissioned to these honorary offices after October 1,1995.
“Section 5. This act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.”
Section 98, as amended by Amendment 513, Ala. Const.1901, prohibits the legislature from retiring “any officer on pay, or part pay,” and from making “any grant to such retiring officer.” However, § 98 is not a restraint on the legislature’s power to create new offices and to provide remuneration for duties performed by persons holding such offices. House Bill 728 would “create the offices of Honorary Member of the House of Representatives, Honorary Senator, and Honorary Lieutenant Governor of the State of Alabama and provide for the requirements for holding the offices.” Sections 1 and 2 provide the qualifications for holding the respective offices. Section 3 of the bill prescribes the duties to be performed by persons holding the offices. Section 3 also provides that the legislature may fix expenses payable to the officers in the same manner as it sets legislative expense allowances pursuant to Amendment 57, Ala. Const.1901. See Van Hart v. deGraffenried, 388 So.2d 1196 (Ala.1980).
It has been a long-standing practice in Alabama for the legislature to create offices such as those proposed in House Bill 728, and to provide qualifications, duties, and remuneration for persons holding those offices. The legislature has created supernumerary offices for county commissioners, see Ala. Code 1975, § 11-3-26; supreme court justices, § 12-2-50 (and Ala.Code 1940 (Recomp.1958), 1.13, §§ 31-33, for former provisions); appellate court judges, § 12-3-7 (and Ala.Code 1940 (Recomp.1958), t. 13, §§ 105(1)-105(4) and 111(22)-111(23), for former provisions); probate judges, § 12-13-70 (and Ala.Code 1940 (Recomp.1958), t. 13, §§ 312(1)-312(7) for former provisions); circuit court judges, § 12-17-40 (and Ala.Code 1940 (Recomp.1958), t. 13, §§ 195(1)-195(6) for former provisions); clerks and registers, § 12-17-140 et seq.; district attorneys, § 12-17-210 et seq.; magistrates, § 12-17-260 et seq.; circuit court reporters, § 12-17-290 et seq.; sheriffs, § 36-22-60 et seq., and tax collectors and assessors, § 40-6-1 et seq.; and perhaps other such offices not disclosed by our research. This practice dates back at least to 1939. 1939 Ala.Acts, No. 341, p. 477. Similarly, the legislature has created the office of governor’s council-lor, Ala.Code 1975, § 36-13-13.
This Court upheld the constitutionality of judicial supernumeraries in Southern Ry. v. Carter, 276 Ala. 218, 160 So.2d 628 (1964). The people of Alabama have endorsed remuneration for judicial supernumeraries by ratifying Amendment 328, Ala. Const.1901, wherein § 6.16 states:
“The legislature shall provide by law for the retirement of judges, including supernumerary judges, with such conditions, retirement benefits, and pensions for them and their dependents as it may prescribe. No person shall be elected or appointed to a judicial office after reaching the age of *1385 seventy years, provided that a judge over the age of seventy may be appointed to the office of supernumerary judge if he is not eligible to receive state judicial retirement benefits.”
(Emphasis added.)
In Zeigler v. Baker, 344 So.2d 761 (Ala.1977), this Court held unconstitutional an act granting retirement benefits to former governors. The Court distinguished the remuneration provided for judicial supernumeraries from the retirement benefits proposed for former governors, stating: “[T]he monetary benefits derived by judicial officers serving as supernumeraries [were] based upon appointment and the performance of duties.” 344 So.2d at 767. The later act creating the office of governor’s councillor prescribes duties for a governor’s councillor, who serves at the pleasure of the governor. Ala. Code 1975, § 36-13-13.
In James v. Thompson, 392 So.2d 1178 (Ala.1981), this Court upheld Governor James’s refusal to issue a commission to Thompson as a supernumerary sheriff on the ground that Thompson had been convicted of a felony. The Court cited § 60 of the Constitution, which prohibits any person convicted of infamous crimes from “holding any office of trust or profit in this state.” The Court held that the position of supernumerary sheriff was such an office:
“The legislature, in creating a supernumerary program for elected sheriffs in Alabama, necessarily created the office of supernumerary sheriff. Although the duties of such office are limited in scope and the performance of such duties [is] contingent and narrowly defined, the statutorily prescribed position and function of a supernumerary sheriff is that of a public office — an ‘office of trust and profit.’ Otherwise, the compensation provisions of the Act clearly would run afoul of § 98 of our State Constitution, which proscribes any legislative grant of retirement pay to any public officers.”
392 So.2d at 1180 (emphasis in original).
House Bill 728 prescribes duties to be performed by holders of the offices created. Therefore, the expenses payable to the proposed new honorary legislative officers are more like the monetary benefits provided to judicial and other supernumerary officers and to the governor’s councillor than the retirement benefits proposed for former governors at issue in Zeigler v. Baker, supra.
We therefore respectfully answer the question by stating that, in our opinion, the provisions of § 3 of H. 728 do not violate § 98 of the Alabama Constitution of 1901 as amended by Amendment 513.
SONNY HORNSBY Chief Justice
RENEAU P. ALMON
MARK KENNEDY
KENNETH F. INGRAM
RALPH D. COOK Justices