BUTTS, Justice
(concurring specially).
I concur with- the per curiam opinion because I agree with its interpretation of the requirements an applicant under § 12-17-213(b) must fulfill to qualify for the valid office of supernumerary district attorney, that is, “a legitimate public office of public trust with duties and responsibilities concomitant with its purpose and design.” See James v. Thompson, 392 So.2d 1178 (Ala. 1981).
I write to distinguish my concurrence in this case from my dissent in Opinion of the Justices, 665 So.2d 1382 (Ala.1995). There, I stated that the legislature’s attempt to create the position of “Honorary Member of the House of Representatives, Honorary Senator, and Honorary Lieutenant Governor of the State of Alabama” violated Constitutional Amendment No. 513 (which amended § 98 of the Alabama Constitution of 1901).
Amendment No. 513 states that the legislature may not retire any officer on pay, part pay, or make any grant to such retiring officer. The “honorary” positions at issue in Opinion of the Justices were not offices of public trust with duties and responsibility concomitant with its purposes and design and, thus, are not the constitutional equal of valid supernumerary offices. The “honorary” positions were impermissible retirement positions, which can be legitimized only by a vote of the people in a referendum to pass a Constitutional amendment that expressly authorizes them.