## No. 9162.

COUNTY COMMISSIONERS OF THE COUNTY OF CHAFFEE *v.*
WALKER.

1. COUNTY COMMISSIONERS—*Premature Appeal From.* The Board of County Commissioners are entitled to a reasonable time to investigate a claim presented against the county. An appeal taken, when but a few days had elapsed since the Board laid the claim aside for investigation, was held premature.

2. STATUTES—*Construction.* Statutes relating to the compensation of public officers are strictly construed.

3. DISTRICT ATTORNEY—*Fees and Allowances.* The District Attorney is allowed only $5.00 for drawing an indictment or information, without reference to the number of counts therein. And but one fee of $15.00 for the trial of an accused person, where there is but one trial of one defendant, no matter how many counts are contained in the information.

Under Chapter 172 of the Law of 1907 he is entitled to the

reasonable and necessary expense of maintaining an office, including the fees of a stenographer.

The expense of the office is to be apportioned among the different counties of the district, according to the earnings of the office, including what accrues from the action of the deputies.

4. EVIDENCE—*Judicial Notice*, taken that the aid of a stenographer is indispensable to the efficient discharge of duties like those of the District Attorney.

*Error to Chaffee District Court, Hon. James L. Cooper, Judge.*

Mr. WALLACE SCHOOFIELD, for plaintiff in error.

Mr. GILBERT A. WALKER, *Pro Se.*

Mr. BARNEY WHATLEY, Mr. W. L. STRACHAN, Mr. R. W. FLEMING, *Amici Curiae.*

Mr. Justice Scott delivered the opinion of the court.

THIS action is by the District Attorney against the Board of County Commissioners of Chaffee county, to recover certain fees and accounts claimed by the plaintiff. The first count set forth a claim for expenses necessarily incurred in maintaining his office as District Attorney in the aggregate sum of $862.81. Of this sum it was claimed that the proportionate share of Chaffee county under the statute was $326.14, of which sum the Board allowed $78.30, and denied the remainder, for which judgment was demanded.

The complaint for a second cause of action claimed a total sum of $170.00 for fees in various criminal proceedings. Of this sum the Board allowed $90.00 and disallowed the remainder for which judgment was prayed.

The third cause of action set forth a claim in the total sum of $405.00 for fees and expenses in criminal cases of which sum $120.00 was allowed, and the remainder denied, and for which judgment is demanded.

The court found that there was nothing due the plaintiff on the first cause of action; that there was due the plaintiff the sum of five dollars under the second cause of action; that there was due the sum of $225.00 under the third cause of action and rendered judgment in his favor in the sum of $230.00.

The plaintiff and defendant present assignments of error and cross- error, based solely upon conclusions of law by the trial court, and there is no disputed question of fact in the case. These conclusions of law are as follows:

"First: That where the county commissioners act upon a claim, and allow only a portion thereof as and for payment in full, such action of the commissioners is a sufficient disallowance to enable the claimant to appeal to the District Court.

Second: That the District Attorney is entitled to but one fee from drawing an information, regardless of the number of counts therein or the number of defendants charged thereby.

Third: That the District Attorney is entitled to a trial fee for each defendant, for each count under which such defendant is actually tried or convicted.

Fourth: That the District Attorney has no authority to employ a stenographer by the year, and at a stated annual salary.

Fifth: That in determining what proportion of the expense of maintaining the District Attorney's office shall be paid by each county, the basis is the fees earned by the District Attorney's office, regardless of what proportion thereof was earned by the District Attorney personally, and what proportion by his deputies.

Sixth: That the District Attorney is entitled to collect his fee for drawing an information, without waiting to see if the same will be quashed."

The dispute here involves only the 1st, 2nd, 4th and 5th conclusions:

The court allowed a claim of five dollars under the second cause of action for drawing a criminal information, where the board had simply deferred consideration of the claim. This action by the board seems to have been on the 5th day of April, and the notice and bond of the plaintiff in appeal, filed on the 16th day of April, 1915, in other words the appeal was perfected within eleven days after the board

deferred consideration of the item; further, that no meeting of the board was held in the meantime. It was held by the Court of Appeals, *Cunty v. Crump*, 18 Colo. App. 59, that where eight meetings of the board had been held after the filing of the claim, and before action of the board, the plaintiff had a right to assume that the claim had been disallowed.

We think that the board is entitled to a reasonable time in which to investigate a claim against the county, and that in view of the facts in this case, where but a few days had elapsed after it was laid over for investigation, and that the board had held no subsequent meeting, the appeal was prematurely taken and the claim should not have been allowed in this proceeding.

The fees claimed under the second cause of action, and disallowed by the court, were in cases where the plaintiff claimed a fee of five dollars for drawing each count in each information. The court held that the district attorney was entitled to a fee of five dollars for each information, regardless of the number of counts it contained.

The statute provides: Sec. 2879, "For drawing each indictment or information, five dollars; Provided, no fee shall be allowed for drawing any indictment or information which may be quashed."                    •

We must interpret the words indictment, or information, as intended by the Legislature to be used in their broad general sense and to mean the entire instrument. It was well understood when the statute was enacted that an information might contain several counts, and if the Legislature had intended that the fee was to be allowed for each count in an information, it should have said so. Counsel have argued that these terms must be construed as having been used in a technical sense, in that each count in itself must be held to constitute a criminal charge.

The same section of the statute was explicit when referring to the fee of the District Attorney in case of trial and conviction, when it provided for a fee of fifteen dollars for conviction in case of each defendant in felony cases.

The rule of construction in such matters is, that statutes relating to the fees and compensation of public officers must be strictly construed, and such officers are entitled only to what is clearly given by law. *City of Corona v. Merriam,* 128 Pac. 769.

It is certainly not clear that the Legislature intended the fee for each count, rather than each information.

Under the third cause of action the court allowed the full amount on the following items: "To trial District Court *In re People v. Hunley,* 16 counts at $15.00, felony $240.00." There were other similar charges.

In the Hunley case it appears that Hunley was charged in sixteen counts in one information, involving but one transaction, and pleaded guilty to the information as a whole.

Section 2879 M. A. S. 1912 provides: "For the trial or conviction, in any court of competent jurisdiction, of each defendant in cases of felony, fifteen dollars."

Plainly there was but one trial and one defendant in this case, and therefore under the language of the statute, the District Attorney was entitled to but one fee of fifteen dollars. The statute can not be construed to intend a fee for every count the prosecuting officer may choose to set forth in the information. The fee is allowed for each trial and conviction. Here there was but one transaction, one case, one trial, one conviction and one defendant. The court erred in allowing these several fees, in the particular case, and in the other similar items of the bill.

The remaining item to be considered is that of $600.00 charged as a part of the expense necessarily incurred in maintaining the office of the District Attorney, being for the services of a stenographer at the rate of $50 per month for the period of one year. The court declined to allow this sum or any part of it. The question thus raised is, whether or not the services of a stenographer may be included as an expense necessarily incurred in maintaining the office of the District Attorney under the statute.

Chapter 172, Laws of 1907, provides that the District Attorney in a district of the class here involved may maintain an office for the transaction of his official business, together with the manner in which such expense shall be paid, as follows:

Section 1. "Except as otherwise specifically provided, the District Attorney of each judicial district in the State of Colorado, and each of his assistants and deputies, shall be allowed to collect and receive from each of the counties in his district the expenses necessarily incurred in the discharge of his official duties for the benefit of such county.

Section 2. Except as otherwise specifically provided, the District Attorney of each judicial district in the State of Colorado shall be entitled to collect and receive at the end of each year, of and from each of the respective counties in his judicial district, the necessary expenses of maintaining an office for the transaction of his official business, which expenses shall be borne by the various counties in his judicial district, each in proportion to the fees earned by said District Attorney in such county during such year."

In the case of *Teller County v. Trowbridge*, 42 Colo. 449, it was held that the District Attorney was not entitled to deduct from the fees of his office the amounts, or any part thereof, incurred and expended by him as such District Attorney for office rent, clerk hire, stenographer, telephone, postage, letter files and stationery.

But this conclusion was based solely upon the fact that there was no statute of the state which authorized such expense, or that even required the District Attorney to maintain an office.

The court said:

"There is no statute of this state which either expressly or impliedly requires the District Attorney to 'incur on the public account' the expenses of office rent, stenographer, clerk hire or telephone, or any of the other expenses enumerated above. He is not required to keep an office; other state and county officers are so required, which clearly in-

dicates that it was within the contemplation of the Legislature, that if such expenses were incurred by the District Attorney, they should be borne by him."

But at the next session of the Legislature following the decision in that case, the Legislature amended the law in that respect by the enactment of chapter 172, Laws of 1907, above quoted, and which requires the District Attorney to maintain an office, and to collect and receive at the end of each year, proportionately from the counties of his district, "the necessary expenses of maintaining an office for the transaction of his official business."

It is obvious that this statute was intended to supply that which the court so found to be wanting in the law, before such expenses could be charged and collected by District Attorneys.

It is common knowledge that in these modern times the services of a stenographer are necessary in the proper transaction of the official business of a District Attorney. Indeed, such service may now be regarded as indispensable to the proper and efficient discharge of such official duties. We must therefore hold that the court erred in refusing to allow the reasonable and necessary expense incurred by the District Attorney in this respect.

There is a dispute between counsel as to whether the proportionate charge for maintaining an office should be based upon the fees earned by the District Attorney acting in person, or whether it should include the fees earned by both himself and his deputy. We think that while the term deputy is not mentioned, it was clearly intended to include fees of the deputy as well. The office so maintained is for the transaction of the official business of the entire district, and in the transaction of that business it is immaterial whether the District Attorney performs such services in person or by deputy, insofar as it may apply to the question of the maintenance of that office.

The judgment is reversed and the cause remanded, with instruction to enter judgment in accordance with the views herein expressed.

Former opinion modified and petition for rehearing denied.

Garrigues, C. J., and Bailey, J., concur.

Decided December 2nd, A. D. 1918. Rehearing denied June 2nd, A. D. 1919.