No. 14,451.

Bedford, State Auditor, *v.* People ex rel. Tiemann.
(98 P. [2d] 474)

Decided October 16, 1939.   Rehearing denied January 29, 1940.

Mr.Byron G. Rogers, Attorney General, Mr. Henry E. Lutz, Assistant, for plaintiff in error.

Mr. James R. Hoffman, for defendant in error.

*En Banc.*

Mr. Justice Burke delivered the opinion of the court.

These parties are hereinafter referred to as the auditor and Tiemann respectively, and the State Board for Vocational Education as the board.

Tiemann was employed by the board as state director of vocational education. It fixed his salary at $4500 per annum, directed that $3600 thereof be paid out of a particular legislative appropriation, and issued its vouchers accordingly. The auditor refused to issue warrants for said vouchers, contrary to his duty if those vouchers were correct. Tiemann brought mandamus and the auditor demurred to the alternative writ for want of facts. That demurrer was overruled, the auditor elected to stand, and to review the judgment thereupon entered accordingly, making the alternative writ peremptory, he brings error. The only question raised by the assignments is the correctness of the ruling on the demurrer.

The members of the board and this director are all either state officers or state employees. Certain federal funds are contributed to the work of the board and it has full discretion in their expenditure. The state treas-

urer is custodian thereof and the auditor issues warrants thereon. Section 4, chapter 264, Session Laws 1937, empowers the board to fix the compensation of Tiemann. Chapter 53, Session Laws 1937, makes an appropriation to the board "to be expended as follows: Personal service, Purpose. Director, 1937-38 $3,600.00. 1938-39 $3,600.00. Biennium $7,200.00. (Less any amount received from the federal government or agencies, it being the intention that the total salary of said director shall not exceed $4,000.00 per year.)" Said chapters 264 and 53 were approved on the same day. Nine hundred dollars per annum, pro rata, of Tiemann's salary was accordingly to be paid out of said federal funds. The auditor says that because of the above parenthetical phrase in said chapter 53 Tiemann can draw but $3100 per annum from the state appropriation. Tiemann says that phrase is unconstitutional. First, because the subject of it, i. e., fixing salary, is not covered by the title of that act; second, because fixing salary is general legislation which cannot be included in an appropriation bill because prohibited by section 32, article V of our Constitution as construed by this court in the following: *People ex rel. v. Spruance,* 8 Colo. 307, 6 Pac. 831; *In Re House Bill No. 168,* 21 Colo. 46, 39 Pac. 1096.

■ If more than one subject is included in the title of said chapter 53 the objection is good, but from what is hereinafter said on the second point it will be observed that we cannot accept the premise.

■■ Since the statutes here involved must be considered in pari materia apparent inconsistencies must, if possible, be reconciled. So considered we find the board had full power to fix Tiemann's salary. There is no question as to the amount thereof. The simple question is, For what proportion of such salary has the legislature appropriated? Tiemann says the parenthetical phrase is void because ambiguous and unintelligible. Believing it as clear as the noonday sun we dismiss that contention, save as it is hereinafter touched upon.

Said section 32, article V of the state Constitution pro-·
vides: "The general appropriation bill shall embrace
nothing but appropriations for the ordinary expenses of
the executive, legislative and judicial departments of the
state, interest on the public debt, and for public schools.
All other appropriations shall be made by separate bills,
each embracing but one subject." The act in question in
the Spruance case, supra, was clearly vulnerable to the
objection that it included general legislation, i. e., the
fixing of salaries in an appropriation bill. The clear pur-
pose of the clause now before us is otherwise. It is a
simple condition attached to an appropriation which
may reduce but cannot increase the sum. It is as though
the state, having employed a welfare agent to conduct
certain benevolent activities, made an appropriation, to
be used in common with such private contributions as
should be subscribed to pay for such activities, including
a compensation of $200 per month to the agent, less any
sum paid him by private contributors. If there were no
private contributors the appropriation would be $200
per month. If there were $100 per month of such con-
tributions the appropriation would be $100. The clause,
therefore, means exactly what it would mean if it read,
"less any amount over $400 received from the federal
government." We look through language to sense. This
is neither an act fixing a salary, nor even a maximum.
The board may fix any sum it sees fit and pay such pro-
portion thereof out of federal contributions as its dis-
cretion dictates, but the amount to be paid out of state
funds is limited by the appropriation. If it pays $400
from federal funds it may use the entire $3600. If it
pays $3600 from federal funds it may use but $400 of the
appropriation. If it pays $4000 or more it may use noth-
ing. Nor is this clause, as argued in the brief before us,
an attempt "to circumvent the powers of the board in
the expenditure of federal funds." There is not the
slightest hint therein of such an attempt. So far as Colo-
rado is concerned the board may pay this director

$10,000 per year. She simply says to the board, "Go the limit, but when you pass $4000 this appropriation goes down as you go up."

The auditor was right. The judgment is reversed with directions to the district court to discharge the writ.

MR. JUSTICE YOUNG and MR. JUSTICE KNOUS dissent.

MR. JUSTICE OTTO BOCK not participating.