Mar. 23,
1949. } No. 3838.

### OPINION OF THE JUSTICES.

The following resolution was adopted by the Senate at the present session of the General Court on March 16, 1949:

"RESOLVED: That the Justices of the Supreme Court be respectfully requested to give their opinion upon the following question of law:

"Do the provisions of House Bill No. 249, An Act relative to mileage allowance for members of the Legislature, with amendment as proposed, violate the Constitution of New Hampshire with respect to part second, Article 15, or with respect to any other provision of the Constitution?

"FURTHER RESOLVED. That the President of the Senate present a copy of this resolution and of House Bill No. 249 with amendment as proposed, to the Clerk of the Supreme Court for consideration by said court."

The following answer was returned:

*To the Honorable Senate:*

The undersigned the Justices of the Supreme Court make the following answer to the inquiry contained in your resolution filed March 16, 1949: "Do the provisions of House Bill No. 249, An Act relative to mileage allowance for members of the Legislature, with amendment as proposed, violate the Constitution of New Hampshire with respect to part second, Article 15, or with respect to any other provision of the Constitution?"

Pursuant to the proposed bill, a member of the Legislature would be allowed mileage for each round trip from his residence to the capitol and return, at rates commencing at ten cents a mile and progressively decreasing to eight, six, and five cents a mile, in inverse proportion to the length of the trip. The rates prescribed are sufficiently related to the cost of travel or the amount which would be expended by any individual legislator in making such a trip as to be within constitutional limits. *Opinion of the Justices, ante,* 533.

Section 1 of the bill provides that round trip mileage shall be allowed for "each day of attendance" at the rates specified and that mileage shall not be allowed a member for any day when he is absent. Section 4 likewise provides that mileage accrued since January 1, the effective date of the act, shall depend upon "actual attendance" since that date. The requirement of attendance as a prerequisite to the right to the mileage allowance is not only proper, but necessary.

Section 2 of the bill provides that the distance for which mileage shall be allowed to a particular member shall be determined by the mileage committee with reference to "the nearest improved highway," and that the amount of the allowance shall be computed by the committee. The proposed amendment to this section contains substantially similar provisions. In addition it provides that the committee's determination of questions of fact shall be final, and that "the fact of attendance of a member on any legislative day shall be prima facie evidence that such member is entitled to the above-stated mileage for such day."

The latter provision injects a conception not found in the original bill. Without the amendment, the right to the allowance would depend solely upon attendance. The provision of the amendment making attendance merely prima facie evidence of a right to mileage suggests that some other criterion may control, but contains no express statement of the ultimate test to be applied. The implication most readily occurring is that actual travel shall be considered the basic prerequisite. No constitutional objection is perceived to the establishment of a rebuttable presumption of actual travel based upon the fact of attendance. As to a majority of members, the presumption would doubtless correspond to actuality. As to members residing beyond convenient overnight traveling distance, it would not. In the latter case, unless the committee should obtain or be furnished with proof that actual travel did not occur, the effect of the presumption would be to entitle such members to mileage on days of attendance, although they did not travel.

The constitutional issue presented by the bill and the amendment seems to be whether actual travel, however established, is a constitutional prerequisite to the right to receive the mileage allowance. In our opinion it is not. The Constitution contains no elaboration of what was intended by "mileage." The word is commonly defined as an allowance for traveling expense at a specified rate or rates per mile. Conceivably such an allowance might be established as reimbursement for expense actually incurred in travel, or it might be furnished as provision for travel considered to be proper, leaving to the discretion of the recipient the use to be made of the allowance.

We find nothing in the constitutional provision which compels adoption of one interpretation of the word "mileage" in preference to the other. You are accordingly advised that in our opinion the bill is constitutional either with or without the suggested amendment, and your inquiry is answered in the negative.

> OLIVER W. BRANCH.
> FRANK R. KENISON.
> LAURENCE I. DUNCAN.
> AMOS N. BLANDIN, JR.

March 23, 1949.

*To the Honorable Senate:*

In my opinion the provisions of House Bill No. 249 with amendment as proposed violate the Constitution of New Hampshire, Part Second, Article 15, because they allow payment of mileage for each day of attendance irrespective of actual travel.

The following definition of the word "mileage" is taken from 27 Words and Phrases 172 and is its ordinary meaning. " 'Mileage' is defined in the Century Dictionary as payment allowed to a public functionary for the expenses of travel in the discharge of his duties, according to the number of miles passed over. The same definition substantially is found in Bouvier's and other law dictionaries." *Richardson* v. *State*, 66 Ohio St. 108. It is true that by appropriate language the term can be extended beyond the usual sense. However, no such language was used in the Constitution. The words of the Constitution are to be construed in their natural and ordinary meaning. It is not the natural and ordinary meaning of the term "mileage," that it should include an allowance for travel when there is no travel.

Nor does the suggested amendment that the fact of attendance on a particular day shall be *prima facie* evidence that a member is entitled to mileage for such day render the bill constitutional. The amendment is an evasion of the constitutional requirement that no mileage be paid without actual travel. The test for the right to mileage is made, in effect, attendance and not actual travel. Moreover, for many members on many days the fact of attendance has no probative force in determining the fact of travel from their respective homes on those days. Finally, the *prima facie* provision is entirely unnecessary for establishing travel in fact, since the statements of members may be obtained for that purpose as readily as for determining attendance.

FRANCIS W. JOHNSTON.

March 23, 1949.