No. 22956.

IN RE INTERROGATORIES BY THE GOVERNOR AS TO
SENATE BILL No. 121.
(429 P.2d 304)

Decided June 15, 1967.

114

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, PAUL D. RUBNER, Assistant, appearing as amicus curiae.

DAVID J. HAHN, appearing as amicus curiae.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

THIS is an original proceeding under Article VI, Section 3 of the constitution of Colorado, which provides that this Court may give its opinion in answer to Interrogatories submitted by the Governor upon important questions upon solemn occasions.

The First Regular Session of the Forty-sixth General

Assembly, recently adjourned, passed Senate Bill No. 121, authorizing payments to members of the General Assembly for expenses incurred in traveling to their homes as often as once a week during sessions of the General Assembly. That bill also authorizes payment of a reasonable sum for lodging not exceeding ten dollars per night of actual occupancy to any member of the General Assembly whose residence is more than twenty-five miles by road from the State Capitol. The bi'l is now before the Governor for his signature, or disapproval. He has advis:d us that he has sought and received the advice of the Attorney General, and that there is grave doubt as to the constitutionality of certain provisions of Senate Bill No. 121 and asks us if it violates any of the provisions of Sections 6 and 9 of Article V of the Colorado constitution. We agreed to assume jurisdiction and shall answer the Interrogatories in the sequence in which they were posed.

*First Interrogatory:* Do the provisions of Senate Bill No. 121, authorizing payment to the members of the General Assembly for expenses incurred by them in traveling to their homes and back to Denver as often as once a week, come within the authority contained in Article V, Section 6 of the constitution, authorizing payment of all "actual and necessary traveling expenses" of such members?

*Answer:* Yes. Article V, Section 6 of the constitution provides that each member of the General Assembly shall receive as compensation certain sums; together with all "actual and necessary traveling expenses to be paid after the same have been incurred and audited." It is for the Legislature, not the courts, to determine what is "necessary" travel for its members in the exercise of their governmental duties. Broad powers were conferred by the people of this state upon the legislative branch of the government. It is sovereign and has no limitations as to the expenditures it determines are in its best interests, except where the people,

acting by their constitution, have seen fit to place an inhibition. We find no such inhibition in the constitution, and we conclude, therefore, that the legislature has the right and the power to declare what constitutes necessary traveling expenses for its members.

*Second Interrogatory:* Do the provisions of Senate Bill No. 121, declaring that necessary traveling expenses of members of the General Assembly shall include a reasonable sum not to exceed ten dollars per night for lodging in Denver for members whose residence is more than twenty-five miles by road from the State Capitol, come within the meaning of "all actual and necessary traveling expenses," as contained in Article V, Section 6 of the constitution?

*Answer:* Yes. While there is some conflict in the case authorities applicable to this Interrogatory, we think the better reasoned cases place the answer to it in the same category as our answer to the First Interrogatory. The legislative purpose has been declared in p'ain and unmistakable language and it is not within the province of the courts to interpose contrary views of what the public need demands. We find no provision in the constitution which prevents "lodging" from being considered by the legislature in determining what the compensation of each member shall include. It is, therefore, within the province of the legislature to compensate its members for expenses incurred for lodging.

*Third Interrogatory:* Does Senate Bill No. 121 violate Section 6 of Article V of the constitution, which provides that no general assembly shall fix its own compensation; or Section 9 of Article V, which provides that no member of either house shall, during the term for which he may have been elected, receive any increase of salary or mileage, under any law passed during such term?

*Answer:* Yes, insofar as it attempts to do so for the Forty-sixth General Assembly. Whatever the rule may be elsewhere, it is settled in Colorado that

118

travel expenses for officials come within the definition of "compensation" as that word is used in Article V of our constitution. See *Leckenby v. Post Printing & Publishing Co.*, 65 Colo. 443, 176 P.490; *In Re Interrogatories,* 116 Colo. 318, 180 P.2d 1018. Our legislature itself has so recognized in passing various acts dealing with its compensation. See, *e.g.*, 1965 Perm. Supp. C.R.S. 1963, 63-2-7, wherein the General Assembly has listed in Subsection (1) the various elements of its "compensation" as including actual and necessary expenses for travel for the members, and then employed in Subsection (2) the following language: "In addition to the *compensation specified in Subsection (1)*." (Emphasis added.) There is an express limitation in the constitution that no general assembly may fix its own compensation. Both sections of Senate Bill No. 121 provide for increases. Under present statutes fixing compensation, only one round trip for each regular or special session is permitted and no allowances are made for lodging. Accordingly, we must hold that insofar as Senate Bill No. 121 attempts to apply its provisions to the Forty-sixth General Assembly, it is invalid. It is limited in application to those members of the Forty-seventh and subsequent general assemblies whose new terms begin upon the convening of the Forty-seventh or subsequent general assemblies.

*Fourth Interrogatory:* If Senate Bill No. 121 is repugnant to the constitution to the extent that it provides for the payment of increased compensation to members of the Forty-sixth General Assembly, would the bill be operative as to those members of the Forty-seventh and subsequent general assemblies whose terms begin upon the convening of the Forty-seventh or subsequent general assemblies?

*Answer:* Yes. Senate Bill No. 121 contains an emergency clause which would require it to become effective immediately upon signing. The question then arises as to whether this clause is severable from the remainder of the act. Every presumption is in favor of

constitutionality and as such, we must construe the act in such a way as to permit it to take effect in a constitutional manner. It would be presumptuous of us to say that the effective date of the act is so essentially and inseparably connected with and dependent upon the remaining provisions that the general assembly would not have enacted the valid provisions but for the invalid provisions. See C.R.S. 1963, 135-1-5.

*Fifth Interrogatory:* Do the provisions of Senate Bill No. 121, authorizing the State Controller to make certain payments for travel and lodging expenses without substantiating evidence, violate Article V, Section 6, which provides that actual and necessary expenses are to be paid after the same have been incurred and audited?

*Answer:* No. It is true that the constitutional provision in question does require that all expenses be "actually incurred." Section 2 of Senate Bill No. 121 states only that these expenses for lodging be reasonable and not in excess of ten dollars per night of actual occupancy. Each legislator need only, by the terms of Senate Bill No. 121, certify the nights of actual occupancy in order to receive his payment for this expense. Again we must construe the act in such a manner as to uphold its constitutionality if it is reasonably possible to do so. *Cooper Motors, Inc. v. Board of County Comm'rs.,* 131 Colo. 78, 83, 279 P.2d 685. Applying the proper rules of statutory construction, we must read the entire act as a whole. In doing so, we find in Section 3 of Senate Bill No. 121 a provision that the members shall be reimbursed for "traveling expenses *actually incurred* pursuant to Sections 1 and 2 of the act." (Emphasis added.) "Reasonable sums not to exceed ten dollars per night of actual occupancy for lodging," as those words are used in the statute, are therefore construed to mean *expenses actually incurred* per night of actual occupancy not to exceed ten dollars per night. Under such interpretation, the act meets the constitutional requirement that expenses must actually be incurred in

order to be compensible. Since the words "per night of actual occupancy" precede the word "lodging," we must construe the act to limit "lodging" to charges for occupancy of living quarters.

 Some question has also been raised that since no evidence other than the members' certification is required to prove nights of actual occupancy, for audit purposes, the member is permitted to set his own compensation and would not necessarily be reimbursed only for actual expenses as required by the constitution. In answer to that problem, we point out that there is a presumption well recognized in the law that legislators will follow the mandate of their oath of office and act only in good faith and with integrity and will therefore seek payment only for such proper amounts as have actually been incurred and will thus abide by the constitutional limitations of Article V, Section 6. The auditing requirement of the constitution can be carried out by auditing the expense statements as filed.

*Sixth Interrogatory:* Does Senate Bill No. 121 contain an authorization for members of the General Assembly to travel to their homes and back to Denver as often as once a week during sessions when the house to which they belong is in adjournment for periods not exceeding seventy-two hours?

 *Answer:* Yes. In reading the act as a whole, we find in Section 3 of Senate Bill No. 121 a direct command that members of the assembly shall be reimbursed for expenses incurred under the provisions of Sections 1 and 2. This meets the required tests.