No. 24095.

In Re Interrogatories by the Colorado State Senate concerning Senate Bill 121, Forty-sixth General Assembly.

(452 P.2d 391)

Decided April 3, 1969.

560

*En Banc.*

Mr. Justice Pringle delivered the opinion of the Court.

This is an original proceeding in which the Senate of the Forty-seventh General Assembly (1969) by Senate Resolution No. 8 seeks our opinion upon interrogatories submitted to us under article VI, section 3, of the Colorado constitution. We have agreed to answer these interrogatories.

In 1967 the Forty-sixth General Assembly passed, and the Governor signed, Senate Bill 121 (now 1967 Perm. Supp., C.R.S. 1963, 63-2-28, *et seq.*). We held in *In re Interrogatories by the Governor,* 163 Colo. 113, 429 P.2d 304, that article V, section 6, of the Colorado constitution prevented the provisions of Senate Bill 121 from applying to the members of the Forty-sixth General Assembly. The Senate is now uncertain whether "holdover" Senators, that is, Senators now serving in the Forty-seventh General Assembly but whose terms began in 1967, are eligible to receive the payments for lodging or mileage

provided for in Senate Bill 121. We have determined to answer the interrogatories in reverse order to that in which they were presented.

Second Interrogatory: Does section 9 of article V of the constitution which prohibits an increase of "salary or mileage" for any member of the General Assembly during the term for which he was elected preclude the Senators who were members of the Forty-sixth Assembly and whose terms have now extended into the Forty-seventh General Assembly from receiving during this biennium the lodging allowance authorized in Senate Bill 121?

Answer: No. Article V, section 6, of the Colorado constitution, in effect, provides that "compensation" to the legislators consists of salary and traveling expenses. *In re Interrogatories by the Governor, supra.* Section 6 provides that "[n]o general assembly shall fix its own compensation." In contrast to section 6 of article V, section 9 of the same article provides that no member of the General Assembly shall receive an increase of "salary or mileage" during the term for which he was elected under any law passed during such term. The term "traveling expenses," while specifically included in section 6, is conspicuously absent from section 9. Only one form of traveling expenses is expressly forbidden to be increased by section 9, that is, mileage. Applying the familiar rule of *expressio unius est exclusio alterius,* it is clear that increases in other forms of traveling expenses are not forbidden by the constitution.

Nor are the expenses for lodging, as contained in Senate Bill 121, any part of salary. We have said in *In re Interrogatories by the Governor, supra,* that the allowance for lodging applies only to expenses actually incurred, and therefore such allowance cannot be deemed to be salary, as was the allowance held to be invalid in *In re Interrogatories,* 116 Colo. 318, 180 P.2d 1018, where the allowance was paid to all members of the General Assembly merely for attendance at the Assembly. In this

particular, Senate Bill 121 merely provides for reimbursement of such traveling expenses as are actually expended for lodging in Denver during the term of the Assembly up to $10 per day. As we said in *In re Interrogatories by the Governor, supra,* it is within the function of the legislature, not the courts, to determine what are needed traveling expenses, and so long as it does not transcend constitutional prohibitions, the legislative purpose declared in the act must be carried out. We conclude that section 9, article V does not preclude "holdover" Senators from receiving the lodging allowance contained in Senate Bill 121.

First Interrogatory: Does the term mileage, as used in section 9 of article V of the constitution of the State of Colorado apply only to the rate of reimbursement per mile of travel, or does such term apply as well to the total number of miles traveled for which the member may be reimbursed, or the number of trips for which reimbursement may be made?

▮▮▮▮ Answer: The term mileage, as used in section 9, article V, applies only to the rate of reimbursement per mile of travel. *Webster's Third New International Dictionary* defines "mileage" as allowance for traveling expenses at a certain rate per mile. This definition receives support in the decided cases. *Steenson v. Wallace,* 144 Kan. 730, 62 P.2d 907; *Opinion of the Justices,* 95 N.H. 552, 65 A.2d 45; *State v. Clausen,* 142 Wash. 450, 253 P. 805; *Reed v. Gallet,* 50 Idaho 638, 299 P. 337. Among the cardinal principles to be applied when construing a constitution are those which tell us that a legislature is supreme in legislative matters except as its power is limited by a constitutional provision, and that doubts and ambiguities are to be resolved in favor of the constitutionality of an act. To construe the term mileage, as contained in. section 9, to mean total miles traveled would, for instance, penalize a member of the General Assembly who wished to move his place of residence within his district during his term. We think the framers

did not intend such a result. As a matter of fact, neither the constitution nor statute limited the amount of miles permitted to a legislator in traveling to and from his home to the General Assembly at the time the constitution was adopted. Moreover, we would point out that under Senate Bill 121 the travel allowance which is the subject of the interrogatories carries a lesser per mile rate than previously authorized. Accordingly, we hold that "holdover" Senators may receive the allowances provided for in 'Senate Bill 121 for traveling to their homes and back to Denver as often as once a week during sessions of such General Assembly when the Senate is in adjournment for periods not exceeding 72 hours.