Honorable Ruben A. Valdez Speaker Richard H. Plock Majority Leader State Capitol Building Denver, Colorado 80203
Gentlemen:
QUESTIONS PRESENTED AND CONCLUSIONS
The following constitutes my informal opinion concerning:
1. Is there any problem with continuing the current practice of certification and qualification regarding the $20 allowance provided for by Section 2-2-317(2) and traveling expenses connected therewith?
My conclusion is "no."
2. Is there any problem with the $10 allowance provided for by Section2-2-317(1) and traveling expenses connected therewith?
 My conclusion is that expenses claimed thereunder must be vouchered and substantiated in the same manner as expenses allowed for attendance at interim committee meetings between sessions of the legislature.
ANALYSIS
First, there is no problem continuing the current practice of certifying mileage under either Section 2-2-317(1) or 2-2-317(2), pursuant to the authorizations contained in Section 2-2-318. Neither is there any problem continuing the current practice of certification as to the number of nights of actual occupancy to qualify for the $20 allowance provided for in Section 2-2-317(2). Section 2-2-318, which allows this type of certification, without further substantiating evidence, was specifically upheld by the Colorado Supreme Court. In re Interrogatories, 163 Colo. 113
(1967).
Second, there is no problem regarding the right of holdover senators to receive any of the expenses provided for in Sections 2-2-316, 317, and 318. The recent amendment to Article 5 of the Colorado Constitution eliminated the former Section 9 thereof, which constituted a prohibition of a holdover senator from receiving an increase in either salary or mileage during the term for which he was elected. Further, the same amendment changed the language in Section 6 of said Article to provide simply that no General Assembly will affix its own salary. The Supreme Court has held that the wording of Section 2-2-317 precludes the expenses therein from being construed as salary.In re Interrogatories, supra.
Third, the remaining problem of the $10 allowance provided for in Section2-2-317(1) is the only real issue. My conclusion is that expenses claimed thereunder must be vouchered and substantiated in the same manner as expenses allowed for attendance at interim committee meetings between sessions of the legislature. Section 2-2-318, by its language, applies only to certification of the member's actual nights of occupancy or mileage, as the case may be, and does not have similar language dealing with the $10 daily allowance. Therefore, in approving any claim for actual expenses up to $10 per day under Section 2-2-317(1), you are governed by the provisions of Section 2-2-307(7)(a). This requires vouchers to be approved by the Speaker, in the case of members of the House of Representatives, and by the Majority Leader, in the case of senators, and these vouchers must detail actual expenses incurred.
Fourth, as to what are actual expenses incurred, the first guideline should be that they be "out of pocket" expenses. They should be incurred as a direct result of the member's service in the legislature, and should, in general, answer satisfactorily the test of "but for the member's service in the legislature, the expense would not have been incurred." Any further rules as to which expenses are allowable versus which are not should be resolved by the Speaker and Senate Majority Leader respectively, pursuant to their voucher approval authority in Section 2-2-307(7)(a).
Fifth, I have attached hereto suggested amendments to Sections 2-2-316, 317(1), and 318. These amendments, if adopted by the legislature, and signed into law by the Governor, would allow the same type of certification as to the $10 expense allowance in 2-2-317(1) as is now allowed in the case of mileage and lodging under 2-2-317, and in addition would make the three sections consistent with each other.
SUMMARY
This opinion upholds the legislative practice of certifying mileage and nights of occupancy for expense allowance. Holdover senators may receive expenses under C.R.S. 1973, 2-2-316, 317, and 318. Expenses claimed under C.R.S. 1973, 2-2-317(1) must be vouchered and substantiated.

 Very truly yours,
 J.D. MacFARLANE
 Attorney General
 SINCE ITS ISSUANCE THIS
 OPINION LETTER WAS ADOPTED
 AS A FORMAL OPINION OF THE
 ATTORNEY GENERAL BY ATTORNEY
 GENERAL J.D. MacFARLANE
LEGISLATURE
EXPENSES

C.R.S. 1973, 2-2-316 C.R.S. 1973, 2-2-317 C.R.S. 1973, 2-2-318
Colo. Const. art. V, secs. 6 and 9
LEGISLATIVE BRANCH House of Representatives Senate
This opinion upholds the legislative practice of certifying mileage and nights of occupancy for expense allowance. Holdover senators may receive expenses under C.R.S. 1973, 2-2-316, 317, and 318. Expenses claimed under C.R.S. 1973, 2-2-317(1) must be vouchered and substantiated.