Mr. Greg Walta State Public Defender 718 State Social Services Bldg. 1525 Sherman Street Denver, CO 80203
Dear Mr. Walta:
This is in response to your letter of October 3, 1980, in which you request an opinion on the proper procedure necessary for setting the salary of the state public defender.
QUESTION PRESENTED AND CONCLUSION
The question you asked is as follows:
C.R.S. 1973, 21-1-102(2), as amended, provides that the compensation of the state public defender "shall be fixed by the general assembly." Can this be done by a separate line item in an appropriation bill or can it be done only by a separate statutory enactment?
 My conclusion is that it must be done by a separate statutory enactment.
ANALYSIS
C.R.S. 1973, 21-1-102(2), (Supp. 1979), reads as follows:
 (2) The compensation of the state public defender shall be fixed by the general assembly and may not be reduced during the term of his appointment.
The issue of the proper method to be used in "fixing" the salary of the state public defender is raised primarily because of article V, section 32, Colorado Constitution which prohibits substantive legislation from being included in an appropriation bill. See, e.g., Anderson v. Lamm, 195 Colo. 437,579 P.2d 620 (1978). Moreover, an appropriation bill can only provide for meeting charges already created against public funds by affirmative acts of the general assembly.Leckenby v. The Post Printing and PublishingCompany, 65 Colo. 443, 176 P. 490 (1918).
The Colorado Supreme Court has had occasion to discuss whether the fixing of salaries in an appropriation bill violates article V, section 32, Colo. Const. In several cases, the Colorado Supreme Court has indicated its disapproval of fixing salaries in appropriation bills, often in dicta. See, Peopleex rel. Clement v. Spruance, 8 Colo. 307, 310, 6 P. 831
(1885); Leckenby v. The Post Printing and PublishingCompany, supra; Bedford v. People ex. rel.Tiemann, 105 Colo. 312, 315. 98 P.2d 474 (1939). InBedford, the court referred to the Spruance
case:
 The act in question in the Spruance case, supra, was clearly vulnerable to the objection that it included general legislation, i.e., the fixing of salaries in an appropriation bill.
(105 Colo. at 315.)
In Leckenby, the court was addressing the issue of an increase in the salary of the Lieutenant Governor, above a statutory amount, which was made in a general appropriation bill. The court discussed the need for establishing salaries by affirmative legislation and not in an appropriation bill:
 The general appropriation bill can only provide for meeting charges already created against the public funds by affirmative acts of the Legislature. The compensation of Lieutenant Governor should first be prescribed by affirmative legislation before it can be included in the general appropriation bill, and there must be a law permitting expenses to be incurred before they can lawfully be paid out from the State Treasury. A law must be enacted providing for its allowance before the compensation or expenses of state officials can be included in the general appropriation bill.
(Citations omitted.) 65 Colo. at 448.
The Leckenby decision arguably can be distinguished because art. IV, § 19, Colorado Constitution then, and now, provided that the salary of the Lieutenant Governor is to be established "by law," whereas C.R.S. 1973, 21-1-102(2) states that the salary of the state public defender is to "fixed by the general assembly." However, the analysis in Leckenby
and in the other cases, would still be applicable to the language in C.R.S. 1973, 21-1-102(2). The general assembly must "fix" the salary of the state public defender by affirmative statutory enactment, and not by a line item in an appropriation bill. It is my opinion that "fixing" or setting the salary of the state public defender, as is required by statute, requires substantive legislation, and cannot be done in an appropriation bill (art. V, § 32, Colorado Constitution).
It is important to note that the term "compensation" is used, rather than the term "salary." Compensation includes salary, as well as certain expenses, et al. See, e.g.,In Re Interrogatories by Colorado StateSenate, 168 Colo. 558, 452 P.2d 391 (1969). This difference led to the 1974 amendment to article V, section 6, Colo. Const. What that compensation should include, and the amounts thereof, should not be left to a line item in an appropriation bill. It is my opinion that the setting of your compensation would be substantive legislation and should be done through separate statutory enactment rather than in an appropriation bill, similar to the salaries set in C.R.S. 1973,24-9-102 and 20-1-301, as amended.
SUMMARY
The general assembly should fix the compensation of the state public defender by separate statutory enactment, rather than by a line item in an appropriation bill.
Very truly yours,
 J.D. MacFARLANE Attorney General
SALARIES DEFENDERS, PUBLIC
C.R.S. 1973, 21-1-102(2)
Colo. Const. art. V, § 6 and 32
Colo. Const. art. IV, § 19
JUDICIAL BRANCH Public Defender LEGISLATIVE BRANCH
The general assembly should fix the compensation of the state public defender by separate statutory enactment, rather than by a line item in an appropriation bill.