Mr. Morgan Smith Executive Director Department of Local Affairs 1313 Sherman Street, Room 518 Denver, CO
Dear Mr. Smith:
This opinion is written in response to your request for an interpretation of two sections of the 1981 Special District Act, C.R.S. 1973, 32-1-101, et seq. (Supp. 1982).
QUESTIONS PRESENTED AND CONCLUSIONS
1. Whether a retired volunteer of a fire protection district receiving a monthly pension from a district is eligible to serve as a director of that district in view of the provision in the Special District Act which prohibits any director from receiving "compensation as an employee of the special district or otherwise"?
 My conclusion is that the retired firefighter is not eligible.
2. Whether a person serving as a director and as an active volunteer firefighter of a fire protection district may receive an annual payment in reimbursement of expenses in addition to the compensation provided for in C.R.S. 1973, 32-1-902(3) (Supp. 1982)?
 My conclusion is that the volunteer firefighter may not receive such a payment.
3. Whether the board of a special district established prior to the adoption of the 1981 Special District Act may establish wards within its district by rule or regulation?
 My conclusion is that the board may not establish wards by rule or regulation.
ANALYSIS
1. The Special District Act provisions relating to the compensation of a director of a fire protection district are set forth in C.R.S. 1973, 32-1-902(3) (Supp. 1982):
 Each director may receive as compensation for his service a sum not in excess of nine hundred and fifty dollars per annum, payable not to exceed fifty dollars per meeting attended. No director shall receive compensation as an employee of the special district or otherwise, other than that provided in this section, and any director shall disqualify himself from voting on any issue in which he has a conflict of interest unless such director has disclosed such conflict of interest in compliance with section 18-8-308, C.R.S. 1973.
In determining whether a former firefighter receiving a retirement pension may serve as a director of the district, it is necessary to decide whether the term "compensation" includes a retirement pension and whether a retired firefighter falls within the scope of the language "or otherwise."
The terms "compensation" and "pension" have been distinguished by some courts under the theory that the latter is a gratuity or bounty from the government in recognition of, but not in payment for, past services. Dickey v. Jackson, 181 Iowa 1155,165 N.W. 387, 389 (1917); City of Lincoln v. Steffensmyer,134 Neb. 613, 279 N.W. 271 (1938). Courts in other jurisdictions, however, have concluded that a pension is a form of "compensation" for services previously rendered, including long-continued and faithful employment. Voorheesv. City of Miami, 145 Fla. 402, 199 So. 313, 316 (1940);State v. Yelle, 65 Wn.2d 660, 399 P.2d 319 (1965).
The Colorado Supreme Court considered the nature of retirement pensions in McNichols v. Denver, 131 Colo. 246,280 P.2d 1096 (1955) and City of Colorado Springs v. State,626 P.2d 1122 (Colo. 1981). In the McNichols decision, the court found that a city ordinance providing for the distribution of unexpended retirement fund benefits to city employees was valid under Colo. Const. art. XI, § 2, because such benefits were part of the "compensation" to be paid city workers. The court in City of Colorado Springsv. State held that retirement pensions paid under the Policemen's and Firemen's Pension Reform Act, C.R.S. 1973,31-30-801 et seq. (Supp. 1982), were based upon work performed by employees in the past and were "properly viewed as a form of compensation for that past work." Id. at 1128. In view of the McNichols and City ofColorado Springs decisions, it is my opinion that in Colorado a retirement pension received by a former firefighter is a type of "compensation."
Yet to be determined is the meaning of the word "otherwise." Words and phrases found in a statute are to be construed according to their familiar and generally accepted meaning. C.R.S. 1973, 2-4-101; Wasson v. Hogenson, 196 Colo. 183,583 P.2d 914, 918 (1978); Harding v. IndustrialCommission, 183 Colo. 52, 515 P.2d 95, 98 (1973). The word "otherwise" has a commonly accepted meaning. It is generally defined to mean "in a different manner; in another way, or in other ways." See Black's Law Dictionary", 4th ed., p. 1253; Webster's Third New InternationalDictionary, p. 1598.
This generally accepted meaning is attributed to the phrase "or otherwise" when used as it is in C.R.S. 1973, 32-1-902(3) (Supp. 1982), following a single term as opposed to an enumeration of terms. King v. DeCoursey, 8 Colo. 463, 466, 9 P. 31
(1885); Safe Deposit Trust Co. of Baltimore v.New York Life Ins. Co., 14 F. Supp. 721,aff'd, 84 F.2d 1011 (4th Cir. 1936); In reLarsen's Estate, 235 Iowa 57, 15 N.W.2d 919 (1944);Clinton Co-op, Farmer's Elevator Association v.Farmer's Grain Terminal Association., 223 Minn. 53,26 N.W.2d 117 (1947). It is my opinion that the word "otherwise" in the subject statute should be defined in accordance with its generally accepted usage and the above case law to mean "in a different or any other manner or way." The prohibition in question would therefore apply to a person receiving compensation as an employee or in any different or other manner or way, including a retired firefighter.
2. The second question raised is whether a person serving as director and as a volunteer firefighter of a fire protection district may receive an annual payment in reimbursement of expenses incurred as a firefighter, in addition to the compensation provided for in C.R.S. 1973, 32-1-902(3) (Supp. 1982). The Special District Act provisions restricting the compensation which may be paid to a director of a fire protection district do not contain an exception for payments made in reimbursement of expenses. (CF. C.R.S. 1973, 32-9-117
(Supp. 1982)). It is, therefore, necessary to determine whether the payment of expenses constitutes the payment of "compensation," restricted by section 32-1-902.
In the Colorado case of Leckenby v. Post Printing Publishing Co., 65 Colo. 443, 176 P. 490, 492 (1918), the court found that mileage or traveling expenses paid to the Lieutenant Governor would "clearly come within the term `compensation'." This decision was cited in the more recent case of In re Interrogatories by the Governor, 163 Colo. 113,429 P.2d 304 (1967), where the Colorado Supreme Court held that a bill which authorized payments to members of the legislature for travel and lodging expenses violated Colo. Const., art. V, § 6, which prohibited a general assembly from fixing "its own compensation." These opinions are in accord with the general rule of construction that laws relating to the fees and compensation of public officers should be strictly construed.Board of Commissioners v. Walker, 66 Colo. 312,181 P. 195, 196 (1919).
In view of the above cited case law, it is my opinion that the term "compensation" when used in a statute restricting the remuneration to be paid public officials or employees should be interpreted to include payments made in reimbursement of expenses. The legislature has not authorized such payments to a director of a fire protection district in excess of the compensation provided for in C.R.S. 1973, 32-1-902(3) (Supp. 1982).
3. Your final inquiry relates to the authority of a special district established prior to the adoption of the 1981 Special District Act to create wards within the district by rule or regulation. Pursuant to the 1981 Special District Act, a special district being newly organized thereunder may be divided into wards. C.R.S. 1973, 32-1-301(2)(f) (Supp. 1982). Elsewhere in the Act it is provided that a board may reestablish the boundaries of existing wards. C.R.S. 1973, 32-1-803(1) (Supp. 1982). However, there are no provisions in the Act which specifically authorize the board of an existing district to organize it initially into wards. You have asked whether such authority may be based upon C.R.S. 1973, 32-1-1001(1)(m) (Supp. 1982), which gives a board the power to adopt bylaws and rules and regulations for carrying on the business, objects, and affairs of the board and of the special district.
Unless expressly or impliedly authorized by statute, an administrative rule or regulation is without force or effect if it adds to, changes or modifies an existing statute. Rogersv. Atencio, 43 Colo. App. 268, 608 P.2d 813 (1980). A regulation may only carry into effect the will and policy established by the legislature. Cohen v. State Department ofRevenue, 197 Colo. 385, 593 P.2d 957 (1979).
The Special District Act sets forth several procedural requirements which must be met when a new district is divided into wards. Each ward must have, as nearly as possible, the same number of electors and be represented on the board by a director who is an elector within the boundaries of the respective ward. C.R.S. 1973, 32-1-301(2)(f) (Supp. 1982). A description of the ward boundaries must be set forth in a petition for organization which must be signed by a certain number of taxpaying electors of the proposed special district and which is, thereafter, reviewed by a district court and voted upon by the electors of the proposed special district. C.R.S. 1973, 32-1-301, -305, -306 (Supp. 1982). At the election, each voter votes for nominees who are electors within the boundaries of the respective wards which they represent. C.R.S. 1973, 32-1-802(4)(a) (Supp. 1982).
There is no indication in the Special District Act that the legislature intended to allow existing districts to establish wards by rule or regulation of the board of directors. To the contrary, the legislature has expressed its intent that the decision to organize a district into wards and the selection of directors to represent such wards be made by the electors in accordance with certain specified procedures.
It is therefore my opinion that the establishment of such districts by rule or regulation of an existing district would be contrary to the statute and consequently invalid.
SUMMARY
It is my opinion that a retired volunteer of a fire protection district receiving a monthly pension from the district is not eligible to act as a director of the district; and, that a person serving as a director and as a volunteer firefighter of a fire protection district may not receive a payment in reimbursement of expenses in addition to the compensation provided for in C.R.S. 1973, 32-1-902(3) (Supp. 1982); and that a board of a special district may not establish wards within the district by rule or regulation.
Very truly yours,
 DUANE WOODARD Attorney General
SPECIAL DISTRICTS RULES AND REGULATIONS EXPENSES ADMINISTRATIVE LAW
C.R.S. 1973, 32-1-902(3) (Supp. 1982)
C.R.S. 1973, 32-1-1001(1)(m) (Supp. 1982)
AFFAIRS, LOCAL, DEPT. OF
A retired volunteer firefighter receiving a pension from a fire protection district is not eligible to serve as a director of the district under C.R.S. 1973, 32-1-902(3) (Supp. 1982). A person serving as a director and as a volunteer firefighter of a fire protection district may not receive a payment in reimbursement of expenses in addition to the compensation provided for in C.R.S. 1973, 32-1-902(3) (Supp. 1982). A board of a special district may not establish wards within the district by rule or regulations.